**Roy August NEWBERRY, Appellant,**

v.

**April BOHN–NEWBERRY, Appellee.**

**No. 14–03–00057–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 15, 2004.

---

Michael D. Conner, Eric Lipper, Houston, for appellant.

Clay S. Conrad, Paul C. Looney, Houston, for appellees.

Panel consists of Justices YATES, ANDERSON, and HUDSON.

## SUBSTITUTED OPINION

JOHN S. ANDERSON, Justice.

By this restricted appeal, Roy August Newberry challenges a default judgment granting a Final Decree of Divorce. In four points of error, appellant contends the trial court erred in its award of child support and division of property. We modify the judgment of the trial court and affirm as modified.

### Procedural Background

Appellee filed for divorce on February 26, 2002, and served appellant with citation on or before April 10, 2002. After appellant failed to respond or appear at trial, the trial court rendered the Final Decree of Divorce on July 12, 2002. Appellant filed an answer five days later on July 17, 2002, and also filed an untimely motion for new trial on August 14, 2002. The motion for new trial, filed more than thirty days after the Final Decree was signed, was never ruled on by the trial court. Appellant did, however, timely file this restricted appeal challenging the trial court's order of child support and division of property.

### Discussion

A direct attack on a judgment by restricted appeal must: (1) be brought within six months after the trial court signed the judgment; (2) by a party to the suit; (3) who did not participate in the hearing that resulted in the judgment made the subject of the complaint; (4) who did not file a post-judgment motion, request findings of fact and conclusions of law, or

other notice of appeal; and (5) the error complained of must be apparent from the face of the record. TEX.R.APP. P. 30; *Conseco Fin. Servicing Corp. v. Klein Indep. Sch. Dist.*, 78 S.W.3d 666, 670 (Tex.App.-Houston [14th Dist.] 2002, no pet.). The face of the record consists of all the papers on file in the appeal, including the reporter's record. *Osteen v. Osteen*, 38 S.W.3d 809, 813 (Tex.App.-Houston [14th Dist.] 2001, no pet.). The only dispute between the parties on appeal is whether there is error on the face of the record. Thus, we will review the record to determine whether the trial court erred in its determination of the amount of child support to be paid by appellant and in its division of the equity in the house owned by the parties.

## I. CHILD SUPPORT

In his first three issues, appellant contends the trial court's award of child support is not supported by legally and/or factually sufficient evidence, and the trial court failed to properly consider applicable provisions of the Family Code. We review a trial court's determination of child support under an abuse of discretion standard. *Evans v. Evans*, 14 S.W.3d 343, 345–46 (Tex.App.-Houston [14th Dist.] 2000, no pet.). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles. *Deltuva v. Deltuva*, 113 S.W.3d 882, 886 (Tex.App.-Dallas 2003, no pet.). Legal and factual sufficiency challenges are not independent grounds of error; rather, they are relevant factors in assessing whether the trial court abused its discretion. *Zieba v. Martin*, 928 S.W.2d 782, 786 (Tex.App.-Houston [14th Dist.] 1996, no writ). When appellant alleges the trial court abused its discretion because the evidence was insufficient, this court employs a two prong test: first, we must ask whether the trial court had sufficient information on which to exercise its discretion; and second, we determine whether the trial court abused its discretion by causing the child support order to be manifestly unjust or unfair. *Evans*, 14 S.W.3d at 346; *Sandone v. Miller-Sandone*, 116 S.W.3d 204, 206 (Tex.App.-El Paso 2003, no pet.). The trial court does not abuse its discretion, however, when its decision is based on conflicting evidence or where some evidence of a probative and substantive character exists to support the child support order. *Zieba*, 928 S.W.2d at 787. We view the evidence in the light most favorable to the trial court's decision, and indulge every reasonable presumption in favor of the trial court's judgment. *McGuire v. McGuire*, 4 S.W.3d 382, 384 (Tex.App.-Houston [1st Dist.] 1999, no pet.).

Appellee and appellant had two children during the marriage, and appellee requested to be appointed joint managing conservator with the right to determine domicile of the children. Additionally, appellee's testimony was the only evidence of appellant's income. Appellee testified as follows:

Q: Is it fair to say your husband makes $150,000 a year?

A: Yes.

Q: You are asking for [$]1500 in child support pursuant to [the] Guidelines?

A: Yes.

Based on this uncontroverted testimony, the trial court ordered appellant to pay $1,500 per month in child support payments for both children. Pursuant to the Final Decree of Divorce, appellant is also required to continue payments of $1,500 per month when only one child qualifies for support. Appellant specifically challenges the trial court's determination of child support on three grounds: (1) the trial court erred in failing to ascertain appellant's net resources according to Tex-

as Family Code § 154.062; (2) if the trial court considered the permissible deductions allowed for determining net resources for a self-employed individual, then the trial court had insufficient evidence to make those determinations; and (3) the Final Decree does not comport with the suggested guidelines provided by the Family Code because the amount due for child support does not decrease when the number of children requiring support decreases, and the trial court failed to provide specific findings of fact which justify deviating from the guidelines.

Texas Family Code § 154.062 instructs the trial court to calculate net resources for the purpose of determining child support liability. TEX. FAM.CODE ANN. § 154.062 (Vernon 2002). There must be some evidence of a substantive and probative character of net resources in order for this duty to be discharged. *Id.; Zieba,* 928 S.W.2d at 787. Here, the trial court heard uncontroverted evidence that appellant earns $150,000 a year; thus, there is some evidence to support the trial court's implied finding that appellant earns more than $6,000 per month. Under the 2002 net income calculation charts found in Texas Family Code § 154.061, appellant has a net monthly income of $8,381.49. TEX. FAM.CODE ANN. § 154.061 (Vernon 2002). The Family Code provides that when the obligor's net resources exceed $6,000 per month, the court is to apply the presumptive percentage guidelines set forth in § 154.125 to the first $6,000. *Id.* at § 154.126 (Vernon 2002). The trial court "may order additional amounts of child support as appropriate, depending on the income of the parties and the proven needs of the child." *Id.*

Section 154.125 provides that child support should equal twenty-five percent of the obligor's net resources when there are two children and twenty percent when there is only one child. *Id.* at § 154.125 (Vernon 2002). An order that conforms to the guidelines is presumed to be reasonable and in the best interest of the child. *Id.* at § 154.122 (Vernon 2002). Here, no evidence was presented during trial to show the needs of the children required support above and beyond the presumptive percentage guidelines. Therefore, the trial court did not abuse its discretion in determining, pursuant to the child support guidelines, that appellant with net monthly resources of over $6,000 and two children to support, should pay twenty-five percent of $6,000, or $1,500 per month. Because there is some evidence of a substantive and probative character to support the trial court's decision to order appellant to pay $1,500 per month in child support for two children, appellant has failed to show error on the face of the record.

Appellant also alleges that if the trial court considered the self-employment deductions permitted by § 154.065(b), there was insufficient evidence for the trial court to ascertain the amount of such deductions. Section 154.065(b) provides: "In its discretion, the court *may* exclude from self-employment income amounts allowable under federal income tax law as depreciation, tax credits, or any other business expense *shown by the evidence* to be inappropriate in making the determination of income available for the purpose of calculating child support." TEX. FAM.CODE ANN. § 154.065(b) (Vernon 2002) (emphasis added). The trial court *may* consider the additional deductions *if* evidence is presented during trial. Here, appellant's argument fails because no evidence was presented to the trial court that would have allowed the trial court to exercise its discretion to consider such evidence. Accordingly, the record does not reflect any error.

■ Appellant also argues the trial court erred in failing to provide a decrease in child support payments as set forth in the guidelines, or alternatively, failed to detail specific findings of fact to support a deviation from the guidelines. The Final Decree provides that appellant is required to pay $1,500 per month for child support regardless of whether he is obligated to support one child or two. Appellee confessed error and filed a voluntary remittitur with this court seeking reformation of the trial court's judgment so that it falls within the Family Code guidelines. Specifically, appellee requested reformation of the trial court's judgment to reflect payments by appellant of $1,200 per month in the event only one dependent child remains.

We hold the trial court abused its discretion by requiring appellant to pay an amount of child support not in accordance with the guidelines and without making any specific factual findings to support the excessive amount. Thus, according to the guidelines, requiring appellant to pay more than $1,200 per month for one dependent child is excessive. *See* TEX. FAM.CODE ANN. §§ 154.125, .126. Based on the error in the record, and because appellee has filed a remittitur of $300 per month in the event only one dependent child remains, we will reform the judgment accordingly. *See Blazek v. Blazek,* 669 S.W.2d 347, 348–49 (Tex. App.-Houston [14th Dist.] 1984, no writ); *Fleming v. Fleming,* 595 S.W.2d 199, 202 (Tex.App.-Waco 1980, writ dism'd).

## II. PROPERTY DIVISION

■ In his fourth issue, appellant alleges the trial court abused its discretion in dividing the marital home, claiming there was no evidence or insufficient evidence to show the value of the property. We review a trial court's division of property under an abuse of discretion standard. *Evans,* 14 S.W.3d at 345–46. We will apply the same two-prong test as previously stated to determine whether the trial court abused its discretion. *Sandone v. Miller–Sandone,* 116 S.W.3d 204, 206 (Tex.App.-El Paso 2003, no pet.). Thus, we must first ask whether the trial court had sufficient information upon which to exercise its discretion. *Evans,* 14 S.W.3d at 346. Second, we determine whether the trial court abused its discretion by causing the division of property to be manifestly unjust or unfair. *Id.* The trial court does not abuse its discretion when some evidence of a probative and substantive character exists to support the division. *Zieba,* 928 S.W.2d at 787. We view the evidence in the light most favorable to the trial court's decision and indulge every reasonable presumption in favor of the trial court's judgment. *Id.* at 791.

Appellee presented the only evidence at trial concerning the equity in the marital home, which was as follows:

Q: And what is your estimation of the amount of equity you have built up in this house?

A: It's over [$]100,000.

Q: And are you asking the court for $50,000 of that?

A: Yes.

Here, the uncontroverted evidence established only one value of the equity in the house, and the trial court awarded appellee $50,000, representing one-half of that value. When there is some evidence of a substantive and probative character to support the trial court's decision, there is no abuse of discretion. *Zieba,* 928 S.W.2d at 787. Here, there was some evidence of a substantive and probative character establishing the value of the equity on the date of divorce equaled $100,000. Further, appellant has not alleged the division of the equity in the home was unjust and unfair so as to constitute an abuse of dis-

cretion. *See id.* at 790. Thus, we find the trial court did not abuse its discretion in awarding appellee one-half of the equity in the marital home, and no error is shown.

## Conclusion

We modify the judgment of the trial court and order appellant's payment of $1,500 per month for support of two children reduced to $1,200 per month on the occurrence of one of the events specified in the Final Decree of Divorce that relieves appellant of the obligation to support two children, but still requires the support of one child. We affirm the judgment as modified.