Affirmed in Part, Reversed and Remanded in Part, and Memorandum Opinion
filed September 13, 2011.

 

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00866-CV

___________________

 

Ash Huq, Appellant

 

V.

 

Yasmin M. Huq, Appellee



 



 

On
Appeal from the 311th District Court

Harris County,
Texas



Trial Court Cause No. 1998-29528

 



 

 

MEMORANDUM OPINION

            In this suit affecting the parent-child relationship,
appellant Ash Huq appeals from the trial court’s 2010 order raising his child
support for his daughter from $1,200 per month to $1,500 per month.  In two
issues, he challenges the sufficiency of the evidence to support the trial
court’s exercise of discretion.  Concluding there was sufficient evidence of a
material change in the circumstances of the child to support modification of
child-support, but no evidence to support the amount awarded, we affirm in
part, reverse in part, and remand for further proceedings.

I.  Factual and Procedural Background

            Ash
and appellee Yasmin M. Huq divorced in 1999.  There was one child of the
marriage.  Under the divorce decree, to which the parties consented, Yasmin was
awarded the exclusive right to determine the residence and domicile of the
child in Texas or within a 250 mile radius of London, England.  The court ordered
Ash to pay Yasmin monthly child support of $1,200 from February 15, 1999,
forward.[1] 
Additionally, Ash was to reimburse Yasmin the actual cost of the child’s health
insurance benefits to a maximum of $100 per month and to pay 50% of the child’s
uninsured medical expenses.

            After
the divorce, Yasmin and the child moved to England, and Ash moved first to New
York City, then to Hungary.  In 2005, Yasmin and the child moved back to Harris
County.  In March 2009, Yasmin filed a petition to modify the parent-child
relationship, seeking modification of both possession and access and child
support.  In response, Ash filed a special appearance, contending the High
Court of Justice of England and Wales had continuing exclusive jurisdiction by
virtue of a 2002 modification order entered by that court.[2]

On May 6, 2010, Yasmin
filed an amended petition, seeking a modification only of child support.  She alleged
generally that “[t]he circumstances of the child or a person affected by the
order have materially and substantially changed since the date of the rendition
of the order to be modified,” but did not specify the nature of the changes to
which she was referring.

            On
May 17, 2010, the court heard Ash’s special appearance and denied it.  The
court also denied Ash’s request for a continuance.[3]  The court then
proceeded to trial on the petition to modify child support.

            Yasmin
offered her own testimony, Ash’s 2007 and 2008 United States income tax
returns, and her suggested findings regarding child support.  Ash offered
Yasmin’s May 7, 2010 financial information statement.

            Ash’s
2007 tax return showed a gross annual foreign income of $95,386 (i.e., $7948
gross monthly).  His 2008 return showed a gross annual foreign income of
$115,639 (i.e., $9639 gross monthly).  Both tax returns showed negative U.S.
income and no U.S. taxes paid or owed.  As of the May 17, 2010 trial, Ash had
not filed his 2009 return.

            Yasmin
testified that, at the time of the divorce, Ash was working for Sorenson and
Associates, but also may have been unemployed around that time.  She did not
testify about the amount of Ash’s income at the time of the divorce; and, in
her 2010 financial information statement, she indicated Ash’s then-current net
monthly income was “unknown.”

            Yasmin
also testified Ash was not presently reimbursing her for the child’s health
insurance or paying 50% of her uninsured medical expenses as required by the
divorce decree.  Major uninsured medical expenses included monthly orthodontic
payments of $157 and medications costing approximately $50 per month. 
According to Yasmin’s financial information statement, Yasmin was incurring
expenses of $175 per month for “childcare/tuition” and $225 a month for a tutor
for the child.  Finally, Yasmin testified Ash was rarely visiting the child and
was declining to have the child visit him.

            At
the conclusion of the trial, the court found (1) there had “been material and
substantial changes in the circumstances since the entry of the order sought to
be modified” and (2) Ash had “net resources, as that term is defined under the
Texas Family Code, of not less than $7,500 per month.”  The court then set
child support “at $1,740 per month.”

            The
court subsequently signed a written order containing the following findings:

            The Court finds that the material allegations
in the petition to modify are true and that the requested modification is in the
best interest of the child. IT IS ORDERED that the requested modification is
GRANTED.

            The Court specifically finds as follows:

            The statutory net resources of ASH HUQ are in
excess of $7,500 per month.

            The amount of child support payments per month
that is computed if the percentage guidelines of the Texas Family Code are
applied to the first $7,500 of ASH HUQ’s net resources is $1,500.

            Among other
items, the court then ordered Ash to pay Yasmin child support of $1,500 per
month.[4] 
Ash appealed.

II.  Discussion

            In two issues, Ash argues the trial court
abused its discretion in (1) increasing child support when there was no
evidence, or alternatively, insufficient evidence, of changed circumstances
from the time of the prior order and (2) basing his child support on a finding
his present statutory net resources are in excess of $7,500 per month when
there was no evidence, or alternatively, insufficient evidence, to support that
finding.

A.  Standard of
Review

            We
review a trial court’s determination of child support under an abuse-of-discretion
standard.  Newberry v. Bohn-Newberry, 146 S.W.3d 233, 235 (Tex. App.—Houston
[14th Dist.] 2004, no pet.); Evans v. Evans, 14 S.W.3d 343, 345–46 (Tex.
App.—Houston [14th Dist.] 2000, no pet.).  A trial court abuses its discretion
when it acts arbitrarily, unreasonably, or without reference to any guiding
rules or principles.  Newberry, 146 S.W.3d at 235.  Under the
abuse-of-discretion standard, legal and factual sufficiency challenges are not
independent grounds of error, but are relevant factors in assessing whether the
trial court abused its discretion.  Id.; Zieba v. Martin, 928
S.W.2d 782, 786 (Tex. App.—Houston [14th Dist.] 1996, no writ).  When an appellant
alleges the trial court abused its discretion because the evidence was
insufficient, this court employs a two prong test.  Newberry, 146 S.W.3d
at 235.  First, we must ask whether the trial court had sufficient information
on which to exercise its discretion; and second, we determine whether the trial
court abused its discretion by causing the child support order to be manifestly
unjust or unfair.  Id.; Evans, 14 S.W.3d at 346.  The traditional
sufficiency review applies to the first prong of this test.  Zeifman v.
Michels, 212 S.W.3d 582, 588 (Tex. App.—Austin 2006, pet. denied).

When, as here, an appellant challenges the legal
sufficiency of an adverse finding on an issue on which he did not have the
burden of proof, he must demonstrate on appeal there is no evidence to support
the adverse finding.  London v. London, 192 S.W.3d 6, 14 (Tex.
App.—Houston [14th Dist.] 2005, pet. denied).  In reviewing a “no evidence”
point, we consider all the evidence in the light most favorable to the trial
court’s finding, indulging every reasonable inference in favor of the
prevailing party, and disregarding all evidence and inferences to the
contrary.  Id.  If more than a scintilla of evidence exists to support
the finding, the no evidence challenge fails.  Id.

            In challenging
the factual sufficiency of an adverse finding on an issue on which he did not
have the burden of proof, an appellant must demonstrate the finding is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
manifestly unjust.  Id.  In a factual sufficiency challenge, we review
all the evidence in the record, both for and against the finding.  Id.
at 15.   

            The trial court
does not abuse its discretion when it bases its decision on conflicting
evidence or when some evidence of a probative and substantive character exists to
support the child support order.  Newberry 146 S.W.3d at 235; Zieba,
928 S.W.2d at 787.  Conversely, a trial court does abuse its discretion when
there is no evidence to support its decision.  Anderson v. Carranza, No.
14-10-00600-CV, 2011 WL 1631792, at *4 (Tex. App.—Houston [14th Dist.] Apr 28,
2011, no pet.) (mem. op.).  In determining whether the trial court abused its
discretion, we are required to affirm the decision on any legal theory
supported by the evidence.  Worford v. Stamper, 801 S.W.2d 108, 109
(Tex. 1990)).

B.  Analysis

            Whether the
evidence established a material and substantial change of circumstances. 
In his first issue, Ash challenges the sufficiency of the evidence to
support a finding that there had been material and substantial changes in
circumstances since the 1999 divorce.  A court may modify a child support order
“if the circumstances of the child or a person affected by the order have
materially and substantially changed since . . . the date of the order’s rendition.” 
Tex. Fam. Code § 156.401(a)(1)(A).[5] 
To determine whether modification of child support is warranted, the court must
examine and compare the circumstances of the parents and any minor children at
the time of the initial order with the circumstances existing at the time a
party seeks modification.  London, 192 S.W.3d  at 15.  The record must
contain both historical and current evidence of the relevant person’s financial
circumstances.  Id.  Without both sets of data, the court has nothing to
compare and therefore cannot determine whether a material and substantial
change has occurred.  Id.

            In the present
case, Yasmin sought modification of the child-support order set forth in the
1999 divorce decree.  As the movant, Yasmin bore the burden of showing the
requisite material and substantial change in circumstances since entry of that decree. 
Id.

            Regarding the
circumstances of the child and her parents in 1999, the trial court had before
it Yasmin’s testimony and the divorce decree.[6] 
That evidence established the following:

·       
The child, born January 19, 1997, was two years old;

·       
Ash was a resident of Harris County; and

·       
the child’s home state was Texas.

            Regarding the
circumstances of the child and her parents in 2010, the trial court had before
it Yasmin’s testimony, Ash’s 2007 and 2008 United States income tax returns,
and Yasmin’s financial statement.  That evidence established the following:

·       
Ash was living in Hungary, was visiting the child infrequently,
and was declining to keep the child with him;

·       
the child was thirteen years old;

·       
the child’s medical insurance cost $207.53 biweekly and her
uninsured medical expenses were $157 per month for orthodontics and $50 per
month for medications; and

·       
the child’s “childcare/tuition” cost $175 per month and her tutor
cost $225 per month.

            Thus, there was
uncontroverted evidence that the child had matured from a two-year old to a
thirteen-year old, and now had expenses for orthodontics, tuition, and
tutoring.  This evidence alone supported a finding that there had been a material
and substantial change in the needs of the child since the entry of the divorce
decree.  See Arndt v. Arndt, 685 S.W.2d 769, 770 (Tex. App.—Houston [1st
Dist.] 1985, no writ) (holding mother not required to offer evidence of her
income and each expense at time of the prior order and her income and each
expense at time of hearing so overall comparison could be made; instead,
mother’s testimony showing substantial increase in designated expenses for
child, in absence of evidence showing any decrease in expenses, was sufficient
to establish claim that there had been material and substantial increase in
needs of  child); see also In re Marriage of Hamer, 906 S.W.2d 263, 267
(Tex. App.—Amarillo 1995, no writ) (acknowledging that, as children grow into
teenagers, their expenses increase).

Additionally, Ash had moved to Hungary.  He was not abiding
by the terms governing visitation and possession in the agreed divorce decree,
terms which may have been modified by an English court.[7]  Thus, Ash was no
longer furnishing the degree of services to the child as he did at the time of
the divorce, and Yasmin was providing more services.  This situation, too,
constituted a material and substantial change requiring reallocation of
financial obligations.  In re Z.B.P., 109 S.W.3d 772, 782 (Tex.
App.—Fort Worth 2003, no pet.), disapproved on other grounds by Iliff v.
Iliff, 339 S.W.3d 74, 84 n.8 (Tex. 2011).

We conclude there was legally and factually sufficient
evidence to support the trial court’s finding there had “been material and
substantial changes in the circumstances since the entry of the order sought to
be modified.”  Accordingly, we overrule Ash’s first issue.

Whether the evidence supported a finding that Ash’s
present statutory net resources were in excess of $7,500 per month.  In his
second issue, Ash challenges the trial court’s finding that his statutory net
resources exceeded $7,500 per month, the current statutory maximum to which the
child support guidelines presumptively apply.  See Tex. Fam. Code §
154.125(a).  In 2010, gross monthly wages had to exceed $10,360.60 to result in
net monthly income exceeding $7,500.  See OFFICE OF THE ATTORNEY GENERAL
2010 TAX CHARTS, https://www.oag.state.tx.us/cs/taxcharts/2010taxchart.pdf
(last visited Aug. 11, 2011).

The only evidence presented to establish Ash’s resources
at the time of the May 2010 hearing consisted of the following:

·       
Ash was currently working as an executive for Deloitte and
Touche;

·       
Ash had gross foreign income of $95,386 in 2007 (i.e.,
$7948 monthly) and $115,639 (i.e., $9636 monthly) in 2008, a negligible amount
of non-foreign income in both years, and owed no United States taxes in either
year;

·       
in 2008, Ash told the child he was making “lots of money”; and

·       
Yasmin could “only assume [Ash’s current income] from what he
made from 2007 to 2008 and the increase for 2009.”

            Thus, there is no
evidence Ash had significant net resources in addition to his foreign income.  See
Tex. Fam. Code § 154.062(b) (listing items included in “resources”).  There also
is no evidence of Ash’s net income in 2010.[8]

            In short, there was
no evidence to support the trial court’s finding Ash’s monthly net resources exceeded
$7,500 in 2010.  See  Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex.
1983) (“When the evidence offered to prove a vital fact is so weak as to do no
more than create a mere surmise or suspicion of its existence, the evidence is
no more than a scintilla and, in legal effect, is no evidence.”).  Accordingly,
we sustain Ash’s second issue.

Conclusion

            Having
sustained Ash’s second issue, we reverse those portions of the judgment in
which the trial court (1) found that Ash’s statutory net resources were in
excess of $7,500 per month and (2) ordered Ash to pay $1,500 per month in child
support.  Having overruled Ash’s first issue, we affirm the remainder of the
judgment.  We remand the cause to the trial court for further proceedings
consistent with this opinion.[9]

 

                                                                                    

                                                                        /s/        Martha
Hill Jamison

                                                                                    Justice

 

 

 

Panel
consists of Justices Frost, Jamison, and McCally.









[1] The court ordered Ash to
pay Yasmin monthly child support of $1,000 from November 15, 1998, through
January 15, 1999, and monthly support of $1,200 from February 15, 1999, forward.





[2] Although Ash purportedly
attached a copy of the 2002 modification order to his special appearance
pleading, that order is not part of the appellate record.  From the parties’
discussion in the trial court, it appears that the 2002 order primarily
concerned visitation.





[3] On appeal, Ash does not
challenge the trial court’s rulings on his special appearance and request for a
continuance.  On May17, 2010, Ash filed a single page handwritten general
denial.





[4] The court also ordered
Ash to pay Yasmin $240 per month in reimbursement for health insurance.





[5] Although it has been well
over three years since the 1999 divorce, Yasmin does not argue modification was
warranted under subsection (a)(2), which allows the court to modify child
support “if it has been three years since the order was rendered or last
modified and the monthly amount of the child support award under the order
differs by either 20 percent or $100 from the amount that would be awarded in
accordance with the child support guidelines.”  Tex. Fam. Code § 156.401(a)(2).





[6] The divorce decree was
not formally introduced into evidence but is part of the appellate record.  The
trial court could take judicial notice of the decree.  See Douglas v.
Ingersoll, No. 14–05–00666–CV 2006 WL 2345968, at *3 (Tex. App.—Houston
[14th Dist.] Aug. 15, 2006, pet. denied) (mem.op.) (“The trial court, as the
court that rendered the original divorce decree, may take judicial notice of
its own records in a case involving the same subject matter between the same
parties.”).





[7] See note 2, above.





[8] Although the trial court
could reasonably have inferred that Ash’s income was at least as great in 2010
as it was in 2008; it could not reasonably have inferred that Ash paid no
Hungarian taxes. Texas Family Code Section 154.062(d) requires the court to
deduct taxes and certain other items from resources to determine the net
resources available for child support.  See Tex. Fam. Code § 154.062(d).





[9] Ordinarily we reverse and
render when there is no evidence to support a trial court’s exercise of
discretion.  See, e.g., In re H.S.B., ___S.W.3d ___, No.
14-10-00659-CV, 2011 WL 1005559, at *8 (Tex. App.—Houston [14th Dist.] Mar. 1,
2011, no pet.).  Ash, however, has requested only remand.  An appellate court
cannot grant more relief than the appellant requests.  Banks v. State,
158 S.W.3d 649, 650 n.1 (Tex. App.—Houston [14th Dist.] 2005, pet. ref’d)
(citing Board of Firemen’s Relief & Ret. Fund Trs. v. Stevens, 372
S.W.2d 572, 574 (Tex. Civ. App.—Houston 1963, no writ)); see Elliott
v. Elliott-Weber, No. 14-04-00130-CV 2005 WL 481353, at *3 (Tex.
App.—Houston [14th Dist.] Mar. 1, 2005, no pet.) (mem. op) (after holding there
was no evidence of material and substantial change of circumstances, reversing
and remanding for new trial, “as appellant requested”).