

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00300-CV

**IN THE INTEREST OF B.J.M.** and H.J.M., Children

From the 83rd Judicial District Court, Val Verde County, Texas
Trial Court No. 29724
Honorable Sergio J. Gonzalez, Judge Presiding

Opinion by:    Jason Pulliam, Justice

Sitting:    Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Jason Pulliam, Justice

Delivered and Filed:  March 18, 2015

AFFIRMED

In their divorce decree, Ariel Mejia and Nicole Martin were named joint managing conservators of their twin boys.  In response to a motion to modify filed by Martin, a jury found that Martin should be appointed as sole managing conservator with the right to designate the primary residence of the children without regard to geographic restriction, and the trial court entered an order modifying the divorce decree in accordance with the jury's verdict.  On appeal, Mejia contends the trial court abused its discretion by: (1) not reopening the case to admit additional evidence; (2) allowing Martin's expert witness to testify; and (3) denying Mejia's motion for new trial on the ground of newly discovered evidence.  We affirm the trial court's judgment.

## BACKGROUND

Mejia and Martin are the parents of twin boys, who were born in 2011. The parties divorced in February of 2013. The divorce decree named the parties joint managing conservators, and each parent had nearly equal possession of and access to the children. The decree required Mejia and Martin to reside in Val Verde County.

Less than one year after the final divorce decree was entered, Martin filed a motion to modify the original custody order. As previously noted, the jury found that Martin should be appointed as sole managing conservator with the right to designate the primary residence of the children without regard to geographic restriction, and the trial court signed an order in accordance with the jury's verdict.

During the trial, Martin testified that she would be moving the children to New York where her family lives. The trial court ordered Mejia to pay all travel expenses necessary to exercise his right to possession of and access to the children. In order to offset the increased travel costs, however, the trial court further ordered that the child support would be less than guidelines and ordered Mejia to pay child support in the amount of $400.00 per month. Mejia appeals the trial court's judgment.

## SUFFICIENCY AND REOPENING OF EVIDENCE

In his first issue, Mejia contends the evidence is legally and factually insufficient to support the trial court's order with regard to child support and travel expenses. Mejia also contends the trial court abused its discretion by not allowing him to present additional evidence at the hearing on the motion for the trial court to enter its order.[1]

---

[1] Martin contends that this issue is multifarious and that it is not possible to determine, with reasonable certainty, the error about which Mejia complains. A reviewing court can disregard any assignment of error that is multifarious or consider the issue if the court can determine, with reasonable certainty, the error about which the complaint is made.

A.    Child Support and Travel Expenses

We review a trial court's determination of child support under an abuse of discretion standard. *Evans v. Evans*, 14 S.W.3d 343, 345–46 (Tex. App.—Houston [14th Dist.] 2000, no pet.). "A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles." *Newberry v. Bohn-Newberry*, 146 S.W.3d 233, 235 (Tex. App.—Houston [14th Dist.] 2004, no pet.). "Legal and factual sufficiency challenges are not independent grounds of error; rather, they are relevant factors in assessing whether the trial court abused its discretion." *Id*. When an appellant alleges the trial court abused its discretion because the evidence was insufficient, we employ a two prong test: (1) first, we must ask whether the trial court had sufficient information on which to exercise its discretion; and (2) second, we determine whether the trial court abused its discretion by causing the child support order to be manifestly unjust or unfair. *Evans*, 14 S.W.3d at 346; *Newberry*, 146 S.W.3d at 235. The trial court does not abuse its discretion when its decision is based on conflicting evidence or where some evidence of a probative and substantive character exists to support the child support order. *Newberry*, 146 S.W.3d at 235.

Under section 154.062 of the Texas Family Code, the trial court must first calculate an obligor's net resources for purposes of determining child support liability. TEX. FAM. CODE ANN. § 154.062 (West 2014). The trial court then sets the amount of child support by applying the child support guidelines set forth in section 154.125 of the Code, which for two children is set at 25% of the obligor's net resources. *Id*. at § 154.125. Section 154.123(a) then provides that the court may order the child support payments to vary from the guidelines if the evidence rebuts the presumption that the application of the guidelines is in the best interest of the child and justifies a

---

*Rich v. Olah*, 274 S.W.3d 878, 885 (Tex. App.—Dallas 2008, no pet.). Because we can determine the error Mejia complains about in his first issue with reasonable certainty, we will consider the issue.

variance from the guidelines. *Id.* at § 154.123(a). One factor the trial court may consider in determining whether the application of the guidelines would be unjust or inappropriate is the cost of travel in order to exercise possession of and access to a child. *Id.* at § 154.123(b)(14); *see also In re S.C.S.*, 201 S.W.3d 882, 888 (Tex. App.—Eastland 2006, no pet.) (holding trial court did not abuse its discretion in reducing child support because the evidence established the child's mother moved to a city located 286 miles away).

During the trial of the instant case, Mejia testified that he earned about $90,000 per year after taxes were paid, which would equate to $7,500 per month. Applying the guidelines, the trial court could have ordered Mejia to pay $1,875.00 per month in child support. The trial court, however, ordered Mejia to pay only $400.00 in monthly child support, based on its finding "that child support shall be less than guidelines to offset the cost of travel for Mr. Mejia's possession and access to the children." Accordingly, Mejia's testimony is some evidence of a substantive and probative character to support the amount of child support he was ordered to pay by the trial court in view of the trial court's consideration of the travel expenses, and the trial court did not abuse its discretion in determining the amount of child support Mejia was ordered to pay. *Newberry*, 146 S.W.3d at 235.

B.      Reopening Evidence

Mejia also complains that the trial court abused its discretion in not allowing him to present additional evidence at the hearing on the motion for the trial court to enter its order. Specifically, Mejia argues that he should have been allowed to present additional evidence regarding the cost of travel.

We review the denial of a motion to reopen evidence under an abuse of discretion standard. *Poag v. Flories*, 317 S.W.3d 820, 827 (Tex. App.—Fort Worth 2010, pet. denied); *Lopez v. Lopez*, 55 S.W.3d 194, 201 (Tex. App.—Corpus Christi 2001, no pet.). Rule 270 provides that a trial

court may permit additional evidence to be offered at any time it "clearly appears to be necessary to the due administration of justice," provided that "in a jury case no evidence on a controversial matter shall be received *after* the verdict of the jury." TEX. R. CIV. P. 270 (emphasis added). In determining whether to permit additional evidence, a court should consider whether: (1) the moving party showed due diligence in obtaining the evidence; (2) the proffered evidence is decisive; (3) reception of such evidence will cause undue delay; and (4) granting the motion will cause injustice. *Poag*, 317 S.W.3d at 828; *Lopez*, 55 S.W.3d at 201. "'[A] trial court does not abuse its discretion by refusing to reopen a case after evidence is closed if the party seeking to reopen has not shown diligence in attempting to produce the evidence in a timely fashion.'" *Poag*, 317 S.W.3d at 828 (quoting *Lopez*, 55 S.W.3d at 201).

In this case, Mejia wanted to introduce additional evidence of the travel expenses that he would incur in exercising his possession of and access to the children. Evidence relating to the travel expenses was presented to the jury in the form of testimony regarding the burden Mejia would face if the jury found that Martin was permitted to designate the primary residence of the children without a geographical restriction. In questioning Martin, Mejia's attorney asked, "You realize that flying there has to be three people each way. Three people round trip. It will be quite an expense for once a month." Martin responded that she was aware of that expense. Accordingly, evidence of the travel expenses was introduced at trial in relation to the jury's consideration of whether to lift the geographical restriction which was a "controversial matter" before the jury. As a result, the trial court was not allowed to receive additional evidence regarding the travel expenses after the jury rendered its verdict. TEX. R. CIV. P. 270.

Even if we assume, however, that the trial court could have allowed additional evidence to be presented, the record does not establish that Mejia exercised due diligence in attempting to

produce the evidence in a timely fashion. Accordingly, the trial court did not abuse its discretion in denying Mejia's request to reopen the evidence. *See Poag*, 317 S.W.3d at 828.

Mejia's first issue is overruled.

### EXPERT TESTIMONY

In his second issue, Mejia argues that the trial court abused its discretion in allowing an expert, Robin Walton, to testify on Martin's behalf. Martin designated Walton to testify on when sole managing conservatorship is appropriate and when it is appropriate to lift a geographic restriction. Mejia contends that he objected to Walton's testimony on the basis that: (1) the testimony would not be relevant or probative to any issue the trial court would consider because the expert's opinions were not tied to the facts of the case; (2) the testimony was not reliable; and (3) the subject matter about which Walton proposed to testify did not require any specialized knowledge or experience.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005); *Watts v. Oliver*, 396 S.W.3d 124, 127 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Rule 702 of the Texas Rules of Evidence, which governs the admissibility of expert testimony, states, "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." TEX. R. EVID. 702. A two-part test governs whether expert testimony is admissible: (1) the expert must be qualified; and (2) the testimony must be relevant and based on a reliable foundation. *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 499 (Tex. 2001).

In this case, Walton testified she had a bachelor's degree in psychology and a master's degree in counseling psychology and had been practicing in the area of counseling psychology for

twenty-one years. Walton stated almost one hundred percent of her practice entailed being appointed by trial courts to conduct child custody evaluations in high conflict cases and to engage in parenting facilitation. Walton explained high conflict cases are cases involving parents who do not work together and communicate regarding their children's needs. Walton further explained that parenting facilitation is working with high conflict parents who cannot agree on anything, educating them on how to communicate better, and making recommendations on how to move forward with their children. Walton then described factors the jury should consider in evaluating whether sole or joint managing conservatorship is appropriate. Walton did not, however, offer any opinion on which type of conservatorship was appropriate in the case in question. Walton explained the effect parents' conflicts have on children in general. Walton also described the factors the jury should consider in determining whether relocation would be appropriate in any given situation.

From the testimony of Mejia and Martin which preceded Walton's testimony, the jury could readily have found that the case involved a high conflict case. In addition, Martin desired to relocate the children to New York. Given that factual basis, we hold the trial court did not abuse its discretion in admitting Walton's testimony. First, Mejia does not contend Walton was not qualified to testify on the factors the jury should consider in making a determination regarding conservatorship and relocation, and Walton's testimony was relevant to the jury's consideration of those issues. Furthermore, although Mejia contends that Walton's testimony was not reliable because the methods, procedures or theories forming the basis of her opinion had not been subjected to peer review, Walton's testimony is not the type of expert opinion to which these types of considerations apply. *See Helena Chem. Co.*, 47 S.W.3d at 499. Walton testified that she had worked on thousands of high conflict cases in her twenty-one years which provided the basis for her knowledge of the relevant factors. Finally, although a jury may have generalized knowledge

on the effects a change of conservatorship and relocation can have in a high conflict case, Walton offered specialized knowledge that would assist the jury in understanding the evidence and making the findings they were required to make. Accordingly, Mejia's second issue is overruled.

## MOTION FOR NEW TRIAL

In his third issue, Mejia asserts the trial court abused its discretion by denying his motion for new trial based on newly discovered evidence. In order to establish that he was entitled to a new trial on the ground of newly-discovered evidence, Mejia was required to establish that: (1) the evidence came to his knowledge after the trial; (2) his failure to discover the evidence sooner was not due to a lack of diligence; (3) the evidence is not cumulative; and (4) the evidence is so material it would probably produce a different result if a new trial were granted. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). Mejia was also required to demonstrate that the newly discovered evidence would not be used for impeachment purposes. *Watts v. Watts*, 396 S.W.3d 19, 23 (Tex. App.—San Antonio 2012, no pet.). A trial court's order denying a motion for new trial is reviewed under an abuse of discretion standard. *Waffle House, Inc.*, 313 S.W.3d at 813; *Watts*, 396 S.W.3d at 23.

In his motion for new trial, Mejia asserted that Martin testified at trial that she had located new employment in New York with a local university, and one fringe benefit of her employment was the children would be able to attend the university for free. After the jury returned its verdict, Mejia contends he discovered Martin did not intend to quit her job in Del Rio but only intended to request a leave of absence pending a transfer to another position in the Border Patrol. Mejia further contends he discovered Martin was not living in the home she testified that she owned in New York. Mejia attached the affidavit of his attorney to his motion for new trial in which his attorney stated Martin's attorney disclosed the information regarding the leave of absence to her while in

the trial judge's chambers after the jury reached its verdict. Mejia did not attach any evidence regarding Martin's then living arrangement.

At the hearing on the motion for new trial, Martin's attorney refuted Mejia's allegations, stating:

> [Martin is] working for the university and we all talked in chambers after the evidence was closed on the trial and I said that ideally she would get a transfer with the border patrol than it is for her to work for the university, but she's working for the university. I don't know what the status is. I don't know if she will get [a transfer] but it is certainly not evidence.

Martin's attorney further argued that the jury's decision to award sole custody did not rest on her moving to the house she owned in New York, asserting:

> It had nothing to do with whether she was living with her father in her house. She has renters in her house. She has a lease she has to respect.

Having reviewed the record as a whole, we hold the trial court did not abuse its discretion in denying the motion for new trial. First, the "newly discovered" evidence is cumulative of the evidence presented at trial because the record establishes that Martin is working in New York and intends to move into her home in New York once the existing lease expires. *See Waffle House, Inc.*, 313 S.W.3d at 813. Second, Martin testified at trial regarding another possible position in the border patrol, and evidence that she may pursue that possibility is not so material that it would probably produce a different result if a new trial were granted. *See id.* Finally, the trial court could have determined that the newly discovered evidence would be used solely for impeachment which is impermissible. *Watts*, 396 S.W.3d at 23. Accordingly, Mejia's third issue is overruled.

### CONCLUSION

The trial court's judgment is affirmed.

Jason Pulliam, Justice