Benny BENNETT and Mary Bennett,

v.

Richard McDANIEL, individually and d/b/a Richard McDaniel, Inc., d/b/a B.R. Roofing, a/k/a B & R Roofing.

No. 08–0618.

Supreme Court of Texas.

Aug. 21, 2009.

James C. Fling, Adkins & Fling, Shamrock, for Petitioner.

Harold H. Pigg, Law Office of Harold H. Pigg, Lubbock, for Respondent.

PER CURIAM.

In this restricted appeal of a post-answer default judgment, the court of appeals held that the plaintiffs presented legally insufficient evidence of damages and rendered a take-nothing judgment. 295 S.W.3d at 681. We agree that the damages evidence was legally insufficient, but the court of appeals' disposition was improper under our recent opinion in *Dolgencorp v. Lerma*, 288 S.W.3d 922, 929 (Tex. 2009). Accordingly, we reverse the court of appeals' judgment and remand to the trial court.

Benny and Mary Bennett sued Richard McDaniel alleging that McDaniel had damaged the roof of their home, which the Bennetts had hired him to repair. McDaniel filed an answer denying their allegations, but did not appear when the case was called for trial. At trial, Mary Bennett testified that she received an estimate to repair the roof in the amount of "approximately 72 or $7300.00," and that she incurred "actual damages of $7500.00 to repair this roof." The estimate, however, does not appear in the record. The trial court rendered a default judgment in favor of the Bennetts for $7,500 in actual

damages, $10,000 in punitive damages, and $1,500 in attorney's fees.

■ It is unclear whether the estimate that Mary Bennett referred to was submitted to the trial court and omitted from the appellate record, or whether it was not submitted at all. In either case, we disagree with the court of appeals' statement that "an estimate without the testimony of the person who created the estimate or other expert testimony is no evidence of the necessity of the repair or the reasonableness of the cost of the repair." 295 S.W.3d at 679. Such evidence might ordinarily be properly excluded as hearsay, but no hearsay objection was lodged in this case. The record indicates, however, that Mary Bennett merely stated an estimated price and did not testify that the estimate was reasonable. For this reason, we agree with the court of appeals that the Bennetts did not present legally sufficient evidence of damages.

■ While this petition was pending, we held in *Dolgencorp*, 288 S.W.3d 922, that when the evidence is legally insufficient to support a post-answer default judgment the proper disposition is to remand for a new trial. Accordingly, we grant the Bennetts' petition for review and, without hearing oral argument, Tex. R. App. P. 59.1, reverse the court of appeals' judgment and remand this case to the trial court for a new trial.