**Billy Ray REAGINS, Sr., Appellant**

v.

**Sheila WALKER, Appellee**

**NO. 14-15-00764-CV**

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion filed March 7, 2017.

Billy Ray Reagins, Sr., Houston, TX, pro se.

Ryan M. Marquez, Lisa E. Creson, Houston, TX, for Appellee.

Panel consists of Justices Jamison, Wise, and Jewell.

## OPINION

Martha Hill Jamison, Justice

In this post-answer default, Billy Ray Reagins, Sr. appeals from the trial court's order modifying his parent-child relationship with his minor child. Among other things, the court ordered Reagins to pay child support to the child's mother, Sheila Walker, and to provide health insurance for the child. In two issues on appeal, Reagins contends that (1) the trial court abused its discretion in setting the amount of child support because there was insufficient evidence presented to establish Reagins' net resources and (2) he received ineffective assistance of counsel. Concluding the evidence was legally insufficient to establish Reagins' net resources and Reagins is not permitted to complain regarding ineffective assistance under the circumstances of this case, we affirm in part and reverse and remand in part for further proceedings.

### Background

Reagins and Walker both filed pleadings to modify the trial court's 2011 child support order.[1] Reagins asked for the exclusive right to establish the primary residence of the child and for Walker to pay him child support. Walker alleged a change in circumstances necessitated an increase in Reagins' child support obligation retroactive to the filing of this suit

---

1. The 2011 order, an agreed Child Support Review Order pursuant to Chapter 233 of the Texas Family Code, amended a 2006 order. The 2011 order determined that Reagins' net monthly resources were $906.36 and that the child received $130.00 monthly as a result of Reagins' social security disability payments. Reagins was not ordered to pay child support or pay for the child's health insurance.

and requested he be required to provide health insurance and pay half of all uninsured health expenses for the child.[2] Reagins also filed a motion for enforcement of his rights as joint managing conservator, with which he claimed Walker was interfering.

Prior to trial, Reagins' original counsel filed a motion to withdraw, and a new attorney filed a motion to substitute counsel. Neither Reagins nor his original counsel appeared for the trial setting. Although new counsel did appear, the trial court determined that defects prevented original counsel from withdrawing and new counsel from participating.[3] Trial thereafter commenced without Reagins or any counsel representing him participating.

At the beginning of trial, the judge granted Walker's motions to dismiss Reagins' modification and enforcement actions and proceeded to hear evidence on Walker's claims. The only witness called was Walker. No exhibits were offered into evidence.

Walker testified that she had not been provided any documentation from Reagins proving the amount of his salary, such as paycheck stubs or federal tax returns. She therefore conducted internet searches and discovered that Reagins is a petroleum engineer with three degrees, at least one of which is a master's degree. She additionally found out that Reagins "worked for GE" and began working there in October 2011. Walker further stated that she recently "found out he does go overseas to work" and had been doing that for several years. Walker testified that she "investigat[ed] with regard to what a petroleum engineer might make with his experience

... and so forth" and found a range of between $127,000 to $130,000. She then stated that it was her belief that Reagins made a minimum of $127,000 a year. Walker additionally testified that Reagins has two other minor children, both of whom attend private school. She testified to the cost of the private schools, but she did not state how she obtained any of this information. She said that Reagins apparently made too much money to qualify for mediation at the DRC.[4] Walker also testified that Reagins had not provided her with information concerning his health insurance coverage.

In its order, the trial court found that Walker's material allegations were true, modification is in the best interest of the child, Reagins' income is $10,584 per month, and he has a total of three minor children. On the basis of these findings and the statutory child support guidelines, the court ordered Reagins to pay $1,534 per month to Walker for support of their minor child. The court further ordered Reagins to pay $3,068 in retroactive child support, to provide health insurance for the child, and to pay half of all unreimbursed medical expenses.

Reagins challenges the trial court's child support calculation and contends he received ineffective assistance of counsel. He does not, however, challenge the trial court's dismissal of his Motion to Modify or his Motion for Enforcement, and he does not challenge the trial court's orders relating to health insurance and expenses.

### Child Support

■ In his first issue, Reagins asserts the trial court abused its discretion in set-

2. Walker additionally sought changes to the portions of the prior order governing possession of and access to the child, but the trial court denied this request and she does not appeal from that denial.

3. Reagins does not complain about these rulings on appeal.

4. "DRC" apparently references the Fort Bend County Dispute Resolution Center, which offers reduced-cost mediation services.

ting the amount of his child support obligation because there was insufficient evidence to calculate his net resources. We agree. Walker's generalized testimony based on internet searches was not sufficient to support the net resources calculation, and none of the other arguments made by Walker are supported by the record.

■ The Texas Family Code allows a trial court to modify a support order if circumstances have "materially and substantially changed" since the date of the order's rendition under certain conditions. *See* Tex. Fam. Code § 156.401(a)(1), (2).[5] A change in the obligor-parent's income can constitute a material and substantial change in circumstances. *See Plowman v. Ugalde*, No. 01-14-00851-CV, 2015 WL 6081666, at *4-5 (Tex. App.—Houston [1st Dist.] Oct. 15, 2015, no pet.) (mem. op.) (citing *Rumscheidt v. Rumscheidt*, 362 S.W.3d 661, 666 (Tex. App.—Houston [14th Dist.] 2011, no pet.), and *Starck v. Nelson*, 878 S.W.2d 302, 308 (Tex. App.—Corpus Christi 1994, no writ)).

■ A trial court possesses broad discretion in determining whether to modify a child support order. *Friermood v. Friermood*, 25 S.W.3d 758, 760 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Accordingly, on appeal, we will not disturb the trial court's determination absent a clear abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam); *Friermood*, 25 S.W.3d at 760. An abuse of discretion only occurs when the trial court acts without reference to any guiding rules or legal principles. *Worford*, 801 S.W.2d at 109; *see also Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Under the abuse of discretion standard, the legal and factu-

al sufficiency of the evidence are not to be considered as independent grounds of error, but as relevant factors in assessing whether the trial court did in fact abuse its discretion. *Hardin v. Hardin*, 161 S.W.3d 14, 19 (Tex. App.—Houston [14th Dist.] 2004, no pet.). When applying the abuse-of-discretion standard in this context, we ask first whether the trial court had sufficient information on which to exercise its discretion, applying traditional sufficiency review, and if so, whether it acted reasonably in the application of its discretion. *See, e.g., Blackwell v. Humble*, 241 S.W.3d 707, 715 (Tex. App.—Austin 2007, no pet.).

■ Family Code section 154.062 requires trial courts to calculate net resources in order to determine child support liability. Tex. Fam. Code § 154.062; *Newberry v. Bohn-Newberry*, 146 S.W.3d 233, 236 (Tex. App.—Houston [14th Dist.] 2004, no pet.). There must be some evidence of a substantive and probative character of net resources for this duty to be discharged. *Newberry*, 146 S.W.3d at 236; *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied). The best interest of the child should remain the trial court's primary consideration in deciding whether to modify a support obligation. *See* Tex. Fam. Code § 156.402(a).

■ The failure to appear is considered neither an abandonment of the defendant's answer nor an implied confession of any issues. *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). In the context of a post-answer default, a judgment cannot be rendered on the pleadings. *Id.* The plaintiff still must offer evidence and prove its case. *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183 (Tex.

---

5. In her pleadings, Walker made allegations regarding a change in circumstances and that the statutory conditions were met.

2012); *Tex. G & S Invs., Inc. v. Constellation Newenergy, Inc.*, 459 S.W.3d 252, 257 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

We review the sufficiency of the evidence supporting a post-answer default judgment under the same standards of review governing the sufficiency of the evidence at a contested trial. *See Tex. G & S Investments, Inc.* at 257. When reviewing for legal sufficiency, we consider the evidence in the light most favorable to the finding and indulge every reasonable inference that supports the challenged finding. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *Id.* at 827. "[W]hen the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004) (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). In reviewing the factual sufficiency of the evidence, we consider all of the evidence and set aside the judgment only if it is so contrary to the overwhelming weight of the evidence that it is clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). The factfinder is the sole judge of witnesses' credibility and the weight to be given their testimony. *Keller*, 168 S.W.3d at 819.

When the evidence is determined on appeal to be legally or factually insufficient to support a post-answer default judgment, the proper disposition is to remand for a new trial. *See Bennett v. McDaniel*, 295 S.W.3d 644, 645 (Tex. 2009) (citing *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922 (Tex. 2009)).

As stated above, the only evidence offered at trial was Walker's testimony. In that brief testimony, Walker admitted to having to resort to internet searches to get any information regarding Reagins' employment. She did not, however, offer any specifics regarding the types of searches she conducted "on the Internet," what search engines she may have used, or what websites she visited to obtain the information provided. She did not provide any specifics about Reagins' employer, his position with the company, whether that work was on a full-time, part-time, or contract basis, or whether his job description was petroleum engineer. Walker's testimony regarding Reagins' income can be reduced to the following: something on the internet says he is a petroleum engineer with three degrees who at some point worked at GE in some capacity beginning in October 2011; petroleum engineers generally make between $127,000 to $130,000; and he has worked overseas from time to time for several years.

The defect in this testimony is not the fact that it was based on internet research.[6] The problem here is that Walker merely speculated regarding what Reagins might make based on general information

---

6. In *Baskett v. Baskett*, the Austin Court of Appeals held that the evidence was sufficient to support the trial court's findings as to the value of missing and damaged personal property items when the plaintiff testified that she conducted extensive online research regarding replacement values and offered numerous exhibits detailing how she arrived at her valuations. No. 03-16-00563-CV, 2016 WL 7664349, at \*3 (Tex. App.—Austin Jan. 5, 2016, no pet.) (mem. op.). Here, beyond the fact that Walker provided no details of her internet searches, she was required to provide evidence of Reagins' actual net resources, not generic evidence such as the price of a replacement item. *See Newberry*, 146 S.W.3d at 236; *Holley*, 864 S.W.2d at 706.

she obtained on the internet. *See Gas Pipeline Co. of Am. v. Justiss*, 397 S.W.3d 150, 156 (Tex. 2012) ("[T]estimony is speculative if it is based on guesswork or conjecture."); *Nat. Health Care Serv. Corp. v. East Tex. Med. Ctr.*, 495 S.W.3d 333, 339 (Tex. App.—Tyler 2016, no pet.) ("Speculative testimony has no probative value."); *see also Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 937-38 (Tex. 1998) (holding in slip-and-fall case that testimony macaroni salad "seemed like it had been there awhile" was "mere speculative, subjective opinion of no evidentiary value"). Walker's testimony failed to establish that at the time of trial, Reagins was currently employed, was employed as a petroleum engineer, or was employed earning any particular salary or even a salary within the stated range. Walker's testimony was simply too speculative to support the trial court's finding that Reagins earns a salary of $127,000 a year.

In her brief to this court, Walker argues that the evidence in this case was at least as probative and substantive as the evidence we found sufficient in *Newberry*, 146 S.W.3d 233. We disagree. *Newberry* was a divorce action in which the wife provided the following testimony about her husband's income:

> Q: Is it fair to say your husband makes $150,000 a year?
>
> A: Yes.

*Id.* at 235.

Here, Walker testified as follows:

Q: And did we do any investigation with regard to what a petroleum engineer might make with his experience and—and so forth?

A. Yes, ma'am . . . .

Q. What did you find?

A. It—it ranged from 127,000 to 130,000.

Q. Okay. And at this time, based on the information that you've seen either here in court or—not in court. Are—is it your belief that Mr. Reagins makes about $127,000 per year, minimum?

A. Yes, ma'am.

In contrast to the unequivocal testimony in *Newberry*, Walker essentially acknowledged she did not have personal knowledge regarding Reagins' salary and was only able to obtain a general salary range from some unrevealed online resource for people who do a job for which Reagins may have been qualified.[7]

 Walker additionally emphasizes that Reagins failed to provide information related to his income as required under the Family Code and the trial court's local rules; such information includes the last two years' tax returns and three most recent pay stubs, as well as a financial information statement. *See* Tex. Fam. Code § 154.063(2); Fort Bend (Tex.) Fam. Dist. Ct. Loc. R. 4.2; 387th (Tex.) Fam. Dist. Ct. Loc. R. 4e. Walker, however, fails to cite any authority suggesting that Reagins' failure to produce these items excused her from having to offer substantive and probative proof of Reagins' net resources.[8]

---

7. Walker also suggests that the trial court may have looked at Reagins' motion for continuance for corroboration of Walker's testimony that Reagins sometimes worked overseas. In the motion, Reagins asserted that he could not attend court proceedings because he was working overseas. The motion, however, was not admitted into evidence at trial, and there is no indication in the record that the trial court considered it for any purpose related to the trial.

8. Walker does not appear to have made any objection, motion, or request in the trial court regarding Reagins' failure to provide required information. *See generally* Tex. R. App. P. 33.1(a) (providing that before presenting a complaint for appellate review, a party must raise a timely request, objection, or motion in the trial court).

Instead, Walker argues that Reagins' failure to produce is "akin to a statement by Reagins that he only earns the federal minimum wage for 40 hours," citing Texas Family Code section 154.068(a) ("In the absence of evidence of a party's resources ... the court shall presume that the party has income equal to the federal minimum wage for a 40-hour week...."). Walker furthers asserts that the trial court could have found—based on the evidence Reagins was a petroleum engineer and the presumption he earned minimum wage—that Reagins was intentionally underemployed. And, based on that finding, Walker claims the trial court could have found Reagins was capable of making a salary of $127,000 and assessed child support accordingly. See Tex. Fam. Code § 154.066(a) ("If the actual income of the obligor is significantly less than what the obligor could earn because of intentional unemployment or underemployment, the court may apply the support guidelines to the earning potential of the obligor.").

Nothing in the record supports Walker's theory. Walker did not offer any evidence that Reagins was intentionally underemployed, and the trial court did not make any such finding. See Iliff v. Iliff, 339 S.W.3d 74, 82 (Tex. 2011) ("[T]he trial court must make a finding of intentional unemployment or underemployment and its decision to base child support on earnings potential rather than actual earnings must be supported by the record."). Walker's argument is therefore unavailing.

We conclude that the trial court did not have legally or factually sufficient information on which to exercise its discretion. See Blackwell, 241 S.W.3d at 715; Holley, 864 S.W.2d at 706; see also Ridgway, 135 S.W.3d at 601 ("[W]hen the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect,

is no evidence."). Accordingly, we sustain Reagins' first issue and reverse and remand the portion of the trial court's order pertaining to child support. See Bennett, 295 S.W.3d at 645.

### Assistance of Counsel

In his second issue, Reagins contends that he received ineffective assistance of counsel because his attorney of record failed to appear for trial, citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), et al. Strickland and its progeny, however, address the constitutionally protected right of criminal defendants to effective assistance of counsel in criminal trials. Gavin v. State, 404 S.W.3d 597, 605 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Except in parental-termination cases, civil litigants generally are not guaranteed effective assistance of counsel. In re A.L.H., No. 14-16-00556-CV, 2017 WL 103927, at *18 (Tex. App.—Houston [14th Dist.] Jan. 10, 2017, no pet. h.). Reagins' citations to criminal cases are therefore unavailing. We overrule his second issue.

### Disposition

Because the trial court abused its discretion in determining Reagins' net resources and in calculating his child support obligation based on that determination, we reverse the portion of the trial court's judgment pertaining to child support and remand for further proceedings. See Bennett, 295 S.W.3d at 645. Because Reagins does not challenge the trial court's dismissal of his Motion to Modify and his Motion for Enforcement or the trial court's orders relating to health insurance and expenses, we affirm the remainder of the judgment.