# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00014-CV

**Edward John Murphy and Sytha Kay Murphy, Appellants**

**v.**

**Daniel Renteria and Amy Lynn Murphy, Appellees**

**FROM THE DISTRICT COURT OF BASTROP COUNTY, 423RD JUDICIAL DISTRICT
NO. 423-3016, HONORABLE CHRISTOPHER DARROW DUGGAN, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

John and Sytha Kay Murphy (the Murphys) appeal from an order that denied their request for possession of their grandson, V.R.M.[1] *See generally* Tex. Fam. Code §§ 153.431–.434 (addressing grandparent suits for possession of or access to grandchildren). Amy Murphy is V.R.M.'s mother, and the Murphys' daughter. We will affirm.

## BACKGROUND

Amy gave birth to V.R.M. in 2009. He lived with the Murphys most of the time but spent irregular periods with Amy. In January of 2014, the Murphys filed suit seeking managing conservatorship based on allegations that V.R.M. had been abused and neglected while in Amy's care. Sytha specified in an affidavit that Amy lived with V.R.M. "in a mobile home with no

---

[1] We refer to the parties by their first names because most share a surname, and to the child by his initials to protect his privacy.

electricity or running water" and that Luis Vega, the man Amy believed to be V.R.M.'s father, beat him "on numerous occasions." The trial court issued an agreed temporary order appointing the Murphys temporary joint managing conservators.

In March of 2015, Amy filed a petition asking the trial court to revoke its temporary order and issue a final order appointing her sole managing conservator. Genetic testing subsequently established that Daniel Renteria was V.R.M.'s father and excluded Luis Vega. The Murphys withdrew their request for managing conservatorship and asked the trial court to appoint them possessory conservators. *See id.* § 153.432(b) (permitting grandparents to file suit for "possession of or access to a grandchild in a suit filed for the sole purpose of requesting that relief"). Daniel had no objections, but Amy opposed their request. To overcome Amy's objection, the Murphys had the burden of "proving by a preponderance of the evidence that denial of possession of or access to [V.R.M.] would significantly impair [his] physical health or emotional well-being." *See id.* § 153.433(a)(2). After an evidentiary hearing, the trial court signed a final order appointing Amy and Daniel joint managing conservators and denying relief to the Murphys. The order included, with Amy's consent, a permanent injunction prohibiting her from allowing Vega to see V.R.M. This appeal followed.

## DISCUSSION

The Murphys argue in one issue on appeal that legally and factually insufficient evidence supports the trial court's ruling. We review a trial court's decision regarding grandparent access or possession for an abuse of discretion. *In re B.N.S.*, 247 S.W.3d 807, 808 (Tex. App.—Dallas 2008, no pet.). A trial court abuses its discretion when it acts arbitrarily, unreasonably,

without regard for guiding rules or principles, or without supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). Under an abuse-of-discretion standard, the legal and factual sufficiency of the evidence are not independent grounds of error but are relevant factors in determining whether the trial court abused its discretion. *Coburn v. Moreland*, 433 S.W.3d 809, 823 (Tex. App.—Austin 2014, no pet.). In this analysis, "we ask first whether the trial court had sufficient information on which to exercise its discretion . . . and if so, whether it acted reasonably in the application of its discretion." *Reagins v. Walker*, 524 S.W.3d 757, 761 (Tex. App.—Houston [14th Dist.] 2017, no pet.). We apply traditional sufficiency standards of review to answer the first question. *Id.*; *Blackwell v. Humble*, 241 S.W.3d 707, 715 (Tex. App.—Austin 2007, no pet.).

In a legal sufficiency review, we examine the evidence in the light most favorable to the verdict, credit favorable evidence if a reasonable fact-finder could, and disregard contrary evidence unless a reasonable fact-finder could not. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 770 (Tex. 2010). In a factual sufficiency review, by contrast, we consider all the evidence in the record and may set aside the judgment only if it is so contrary to the overwhelming weight of the evidence that it is clearly wrong or manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam); *Gonzales v. Maggio*, 500 S.W.3d 656, 662 (Tex. App.—Austin 2016, no pet.).

Because the Murphys bore the burden of proof in the trial court, to succeed on their legal sufficiency challenge they "must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241

(Tex. 2001) (per curiam). Their factual sufficiency challenge requires them to demonstrate that "the adverse finding is against the great weight and preponderance of the evidence." *Id.* at 242.

We begin by addressing a disagreement over the Murphys' standing. Amy argued to the trial court that Sytha's affidavit was no longer accurate due to changed circumstances and, as a result, the Murphys could not establish statutory standing. Amy specifically relied on Section 153.432(c), which requires the trial court to dismiss a grandparent's suit if the facts alleged in the affidavit, taken as true, do not support granting relief under Section 153.433. *See* Tex. Fam. Code § 153.432(c). The Murphys argue that the trial court would abuse its discretion if it accepted this argument. We agree with the Murphys on this point because Section 153.432 confers standing based on a person's status as a grandparent rather than the strength of their affidavit. *See id.* § 153.432(a); *In re B.G.D.*, 351 S.W.3d 131, 140 (Tex. App.—Fort Worth 2011, no pet.) (holding that petitioner had standing to sue for grandparent access because "[i]t is undisputed that [she] is the biological grandmother of the children").

The Murphys argue that they should have succeeded on the merits because Sytha's affidavit and the testimony of their son, David Murphy, established that denying them possession would harm V.R.M. David testified that Amy was uninterested in caring for V.R.M. during the early years of his life and prioritized the men she dated over him. This evidence addresses Amy's circumstances at or before the time Murphys filed suit, but Amy testified without contradiction that her circumstances have improved since that time. She now holds a full-time job as a dental assistant, arranges child care for her daughter (not the subject of this suit), owns a three-bedroom house with room for V.R.M., and lives with a man who is not abusive. The Murphys assert that they

4

nevertheless need a legal right to possession of V.R.M. to allow them to step in if Amy endangers him again, but their only evidence that Amy will endanger him is that she recently visited Vega in prison and that he will soon be released. However, Amy agreed during her testimony that it is in V.R.M.'s best interest that he never see Vega again and consented to the injunction barring her from allowing Vega to contact V.R.M.

The Murphys also assert that Amy's plan to prevent them from seeing V.R.M. will result in emotional harm. The Murphys' other daughter, Tracey Chavez, testified that preventing V.R.M. from seeing his grandparents "will have a major [e]ffect on him," and that "it's not going to be pretty." V.R.M.'s guardian ad litem offered similar testimony. But Daniel Renteria appears to be willing to let the Murphys see their grandson, and nothing in the trial court's order prevents him from allowing them access. *See In re Scheller*, 325 S.W.3d 640, 644 (Tex. 2010) (orig. proceeding) (per curiam) (holding that trial court abused its discretion by ordering grandparent access in part because parent was apparently willing to allow grandparent to see grandchildren with conditions).

Reviewing the record under the applicable standards, the Murphys have not demonstrated that the evidence in the record conclusively establishes that denying their request for possession would harm V.R.M. or that the trial court's decision is against the great weight and preponderance of the evidence. *See Dow Chem. Co.*, 46 S.W.3d at 241–42. We therefore conclude that legally and factually sufficient evidence supports the trial court's order, and we overrule the Murphys' issue on appeal.

## CONCLUSION

Having found no abuse of discretion, we affirm the trial court's order.

_____

Edward Smith, Justice

Before Justices Baker, Triana, and Smith

Affirmed

Filed:   February 13, 2019