

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00037-CV

IN THE MATTER OF THE MARRIAGE OF THOMAS EUGENE VICK AND
DIANA LYNN VICK AND IN THE INTEREST OF M.A.V. AND L.L.V., CHILDREN

On Appeal from the 12th District Court
Walker County, Texas
Trial Court No. D1014800, Honorable Donald Kraemer, Presiding

September 23, 2019

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant Diana Vick appeals the trial court's recalculation of her child support obligation after we reversed and remanded that issue in *In re Marriage of Vick,* No. 07-15-00019-CV, 2016 Tex. App. LEXIS 11975 (Tex. App.—Amarillo Nov. 3, 2016, no pet.) (mem. op.). Finding no abuse of discretion, we will affirm the order of the trial court.

Background

Diana Vick's former husband, Thomas Vick, filed a suit for divorce in 2010. Disposition of the issues the parties raised required four and one-half years and included multiple hearings and a two-day bench trial, held in December 2011. A final decree of

divorce was signed in September 2014, but was modified twice during the period of the trial court's plenary jurisdiction. In her first appeal, we sustained Diana Vick's challenge concerning the calculation of the amount of child support she owed and remanded the case only for recalculation of her child support obligation. 2016 Tex. App. LEXIS 11975, at *11.

After our mandate issued the trial court convened the remanded portion of the case on April 10, 2017. Diana Vick did not appear nor was an attorney acting on her behalf present. It is undisputed that she received notice of the hearing. In hearing testimony, Thomas Vick agreed with numbers expressed on an exhibit recording child support paid and arrearages. He also presented an exhibit consisting of four of Diana Vick's pay stubs, one from 2010 and three from 2011. Thomas Vick placed in evidence a worksheet showing Diana Vick's adjusted net resources available for child support was $4,383.92. According to the worksheet this produced a monthly child support obligation for two children of $1,095.98 and $876.78 for one child. Before adjourning the hearing, the court verbally rendered judgment setting Diana Vick's child support obligation at the time of the original decree at $1,095.98 per month with a step-down to $876.78 after one of the children reached age eighteen.[1]

On December 19, 2017, the trial court signed a "Judgment in Arrears and Order on Child Support." Therein it, "FOUND and CONFIRMED that evidence of Respondent, Diana Lynn Vick's income supporting a child support obligation in the amount of

---

[1] The older child reached age eighteen in 2014 and the younger child obtained that age in 2018.

2

$1,091.71 for two (2) children was presented and admitted unto the Court."[2]  The judgment also confirmed a child-support arrearage of $68,691.65.  Diana Vick requested findings of fact and conclusions of law but none were filed and she does not complain of their absence on appeal.  An attorney signed Diana Vick's notice of appeal and filed an appellate brief on her behalf.  Appearing on appeal pro se, Thomas Vick did not file an appellee's brief.

Analysis

Diana Vick argues the trial court had insufficient evidence to calculate her child support obligation and by ordering an amount of child support abused its discretion.

We review a trial court's order setting the amount of an obligor's child support obligation for an abuse of discretion.  *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex. 1990) (per curiam).  A trial court abuses its discretion if it acts without reference to any guiding rules or principles; that is, if it acts in an arbitrary or unreasonable manner.  *Cire v. Cummings,* 134 S.W.3d 835, 838-39 (Tex. 2004) (citing *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241, 242 (Tex. 1985)).

Under an abuse-of-discretion standard, legal and factual evidentiary insufficiency are not independent grounds of error, but are instead relevant factors to assess whether the trial court abused its discretion.  *Henry v. Henry,* 48 S.W.3d 468, 475 (Tex. App.— Houston [14th Dist.] 2001, no pet.).  A trial court abuses its discretion if it rules without supporting evidence.  *Ford Motor Co. v. Garcia,* 363 S.W.3d 573, 578 (Tex. 2012) (citing

---

[2] No issue is raised on appeal regarding the difference between the amount of child support rendered by the trial court and that contained in the court's written judgment.

3

*Bocquet v. Herring,* 972 S.W.2d 19, 21 (Tex. 1998)). In assessing the legal sufficiency of evidence, we credit evidence that supports the finding if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex. 2005). Evidence is legally sufficient if it "would enable reasonable and fair-minded people to reach the verdict under review." *Id.* To determine whether evidence is factually sufficient, we examine all the record evidence and will reverse only if the evidence supporting the finding is so weak or so against the overwhelming weight of the evidence that the finding is clearly wrong and unjust. *Crosstex N. Tex. Pipeline, L.P. v. Gardiner,* 505 S.W.3d 580, 615 (Tex. 2016).

The Family Code requires a trial court to calculate net resources in order to determine an obligor's child support liability. TEX. FAM. CODE ANN. § 154.062 (West Supp. 2018). "Resources" includes "100 percent of all wage and salary income," self-employment income, and all other income actually received. TEX. FAM. CODE ANN. § 154.062(b). To properly make this calculation there must be some evidence of net resources of a substantive and probative character. *Reagins v. Walker,* 524 S.W.3d 757, 761 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (citing *Newberry v. Bohn-Newberry,* 146 S.W.3d 233, 236 (Tex. App.—Houston [14th Dist.] 2004, no pet.) and *Holley v. Holley,* 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied)); *Reyes v. Reyes,* 946 S.W.2d 627, 629 (Tex. App.—Waco 1997, no writ) ("In determining whether the trial court abused its discretion in setting a child support order, we will affirm so long as there is some evidence of a substantive and probative character to support the trial court's decision"). When deciding a question of child support, the best interest of the child is the

primary consideration.  *Tucker v. Tucker,* 908 S.W.2d 530, 532-33 (Tex. App.—San Antonio 1995, writ denied).

The evidence we have noted was uncontroverted and sufficient to permit the trial court to perform the mandated recalculation of Diana Vick's child support obligation. Diana Vick further argues the trial court erred by not requiring production of her income tax returns for the preceding two years, her financial statement, and her current pay stubs as required by Family Code section 154.063(b).  TEX. FAM. CODE ANN. § 154.063(b) (West 2014).  But this argument was not presented to the trial court and an adverse ruling obtained.  It is therefore not preserved for appellate review.  TEX. R. APP. P. 33.1(a). Moreover, because these items were not made a part of the appellate record through an offer of proof, *see* TEX. R. EVID. 103(a)(2), it is impossible to gauge their possible effect on the child support determination and any resulting harm.  *See* TEX. R. APP. P. 44.1.

We are unable to say the trial court abused its discretion in fixing Diana Vick's child-support obligation.  Her appellate issue is therefore overruled.

Conclusion

We affirm the order of the trial court.

James T. Campbell
Justice

5