# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00282-CV

---

**Ryan Squires, Appellant**

**v.**

**Hillarey McHale, Appellee**

---

### FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-18-004040, THE HONORABLE JEFF L. ROSE, JUDGE PRESIDING

---

## O P I N I O N

Ryan Squires appeals the trial court's denial of his request to modify a child-support order. In two issues on appeal, Squires argues that the trial court abused its discretion by (1) finding the evidence was insufficient to show a material or substantial change in circumstances that warranted a decrease in his child-support obligation, and (2) denying Squires's request for step-downs for each child pursuant to the guidelines in Chapter 154 of the Family Code. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Ryan Squires and Hillarey McHale were divorced in February 2019. Squires and McHale share three children: R.S., W.S., and S.S. At the time of trial the children were seventeen,

---

[1] The following facts are taken from the evidence at trial and from the trial court's undisputed findings of fact and conclusions of law.

fifteen, and twelve, respectively. As part of the agreed divorce decree, Squires and McHale were named joint managing conservators of the children and Squires was awarded an expanded standard possession schedule.[2] At the time of the divorce, Squires had a gross yearly income of approximately $500,000. The divorce decree required Squires to pay McHale above-guideline child support of $4,000 per month until all three children graduated from high school or otherwise emancipated. In addition, the decree required Squires to pay 100% of the children's uninsured medical, dental, and vision expenses up to the applicable deductible and 50% thereafter, and 100% of all agreed-upon select sports, camps, and school trips. Squires and McHale also signed an "Agreement Regarding Additional Agreed-Upon Child Support" (Agreement) that was separate from the divorce decree. The Agreement required Squires to pay McHale an additional $2,000 per month in child support if his gross income exceeded $500,000 in a calendar year. Like the divorce decree, the Agreement did not include any provisions for step-downs.[3] The Agreement required McHale to use the child-support payments for the children's expenses only, including food, clothing, tutoring, school activities, and other day-to-day needs. Squires testified at trial that he agreed to these extra provisions in the Agreement so that McHale and the children could remain in central Austin and in their current schools; McHale had claimed that without the

---

[2] Squires also sought to modify portions of the possession order to expand his weekend and summer possession and access. The trial court granted Squires's requested modification of weekend possession but denied the requested summer modification. Squires does not appeal that portion of the trial court's order and thus we do not address it.

[3] A "step-down" provision in a child-support order refers to the Family Code's requirement that, where a court orders support for more than one child, the order must provide for a payment decrease (or "partial termination") when a child turns eighteen. *See* Tex. Fam. Code § 154.127(a) ("A child support order for more than one child shall provide that, on the termination of support for a child, the level of support for the remaining child or children is in accordance with the child support guidelines.").

above-guideline child support, she could not afford to live in central Austin and would have to move to an Austin suburb and the children would have to change schools.

Pursuant to the divorce decree, Squires moved out of the house and into an apartment while McHale remained in the house pending its sale. McHale was to receive the first $720,000 from the net proceeds from the sale of the house and Squires and McHale would then split the remaining net proceeds equally. After the house sold, McHale moved into a rental home in central Austin with the children. McHale's housing and living expenses at that time exceeded $6,540, not including food, clothing, medical, or entertainment expenses. In July 2020, McHale re-married and moved into a house in a different neighborhood with her new husband. It is undisputed that, since she moved in with her new husband, she is no longer solely responsible for housing or living expenses such as a mortgage, car note, home maintenance or repair costs, rent, homeowner's insurance, utility bills, property taxes, landscaping services, or housekeeping services. Before McHale married her new husband, the two entered into a marital property agreement where each agreed to be solely responsible for the expenses of their respective children. McHale testified that her new husband provides her with $15,000 per month in a joint household account that she is to use for any "household expenses," and that it was not to be used for the children's expenses. In addition to the monthly $15,000, McHale receives $2,177 per month in interest distributions from personal investment accounts.

In June 2021, Squires filed the underlying modification suit seeking to reduce his monthly above-guideline child-support obligation to the guideline child-support amount, including statutory step-downs, based on a material and substantial change in McHale's living and financial situation. Squires alleged that a decrease in child support would be in the best interest of the children so that he could use the funds for the children's college education, and that the decrease

3

should be made retroactive to the time of service of citation on McHale. The trial court held a one-day bench trial where both parents testified. The court issued its ruling in February 2022 which included findings of fact and conclusions of law. Among other findings, the trial court found that (1) the evidence was insufficient to show that a material or substantial change to a child or a person affected by the child-support order had occurred since the rendition of the last order, (2) McHale's new husband's financial resources could not be used as a factor when considering modification of child support, and (3) modification of Squires's child-support obligation was not in the best interest of the children. Accordingly, the trial court denied Squires's request for a reduction in his child-support obligation, including the application of step-downs. Squires timely perfected this appeal.

## DISCUSSION

We review the trial court's modification order for an abuse of discretion. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or when it acts without reference to any guiding rules or principles. *Id.* In applying the abuse-of-discretion standard in the context of modification suits, appellate courts make a two-part inquiry: (1) whether the trial court had sufficient information on which to exercise its discretion; and (2) whether the trial court erred in its application of discretion. *See Echols v. Olivarez*, 85 S.W.3d 475, 478 (Tex. App.—Austin 2002, no pet.). The trial court does not abuse its discretion if it bases its decision on conflicting evidence or if some evidence of a probative and substantive character exists to support the trial court's order. *Newberry v. Bohn–Newberry,* 146 S.W.3d 233, 235 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Under the abuse-of-discretion standard, legal and factual sufficiency of the evidence are not independent

4

grounds for asserting error but are relevant in assessing whether the court abused its discretion. *See Zeifman v. Michels*, 212 S.W.3d 582, 587 (Tex. App.—Austin 2006, pet. denied).

As the party seeking modification of a child-support order, Squires has the burden to prove both a material and substantial change in circumstances and that the requested modification would be in the best interest of the children. *See* Tex. Fam. Code § 156.401(a)(1)(A) (change-in-circumstances requirement); *Reagins v. Walker*, 524 S.W.3d 757, 761 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (providing that best interest of child should remain trial court's primary consideration in deciding whether to modify child-support obligation); *see also* Tex. Fam. Code § 156.402 (modification of existing child-support order must be in child's best interest when court exercises discretion in applying child-support guidelines).

In his first issue, Squires addresses the first prong by arguing he met his burden of showing a material and substantial change in circumstances. He argues that he presented undisputed evidence that, at the time of the original decree, McHale was single, unemployed, and had monthly living expenses exceeding $6,450; but when Squires brought the modification suit approximately two years later, she was remarried and did not pay any housing or living expenses. Because the circumstances that justified the above-guideline child support at the time of the divorce no longer exist, Squires argues, there has been a material and substantial change in McHale's circumstances that justifies reducing his child-support obligation to the guidelines.[4]

---

[4] Guideline child support is based on the net resources of the obligor alone and no additional factors. *See* Tex. Fam. Code § 154.125 (providing that guideline child support is designed to apply to situations in which obligor's monthly net resources are not greater than maximum amount of net resources to which statutory guidelines are applicable). By contrast, to obtain above-guideline child support there must be a showing of excess support needs of the children. *See id.* § 154.126 (providing that, if obligor's net resources exceed maximum amount of net resources to which statutory guidelines are applicable, court may order additional amounts of child support as appropriate depending on income of parties and proven needs of child).

We, however, need not determine whether the trial court abused its discretion in finding that there had not been a material and substantial change in circumstances because we conclude that the trial court's finding that the requested modification and step-downs were not in the children's best interest is dispositive of both Squires's issues. Accordingly, we turn to the trial court's best-interest finding.

As a threshold matter, we must address McHale's argument that, because Squires has not challenged the trial court's finding that the modification and step-downs in child support would not be in the children's best interest, we may affirm the trial court's findings on this basis alone. *See McElwrath v. McElwrath*, No. 03-14-00487-CV, 2016 WL 1566624 at *1 (Tex. App.—Austin Apr. 13, 2016, no pet.) (mem. op.) ("Unchallenged findings of fact are binding unless there is no evidence to support the finding or the contrary is established as a matter of law."). In his reply brief, Squires contends that he did not specifically challenge the trial court's best interest-finding because it is not a required element to prove in a modification of child support. Rather, he contends, it is only a required element in suits involving modification of conservatorship, possession, access, or determination of residence. In support, Squires notes that nowhere in the language of Section 156.401 (providing grounds for modification of child support) does the statute require a finding of best interest. *See* Tex. Fam. Code § 156.401. We decline to adopt this interpretation because Squires has not provided us with any case law supporting it and because our review of authority shows that the trial court must always consider the best interest of the child as part of its "wide latitude in discretion." *See Gillespie v. Gillespie,* 644 S.W.2d 449, 451 (Tex. 1982); *Reagins*, 524 S.W.3d at 761 (providing that best interest of child should remain trial court's primary consideration in deciding whether to modify child-support obligation); *see also* Tex. Fam. Code § 156.402(a) ("[t]he court may consider the child support guidelines for single and multiple

6

families under Chapter 154 to determine whether there has been a material or substantial change of circumstances under this chapter that warrants a modification of an existing child support order *if the modification is in the best interest of the child*.") (emphasis added); *see also In re Y.E.*, No. 14-20-00608-CV, 2022 WL 364074, at *7 (Tex. App.—Houston [14th Dist.] Feb. 8, 2022, no pet.) (mem. op.) (holding that trial court did not abuse its discretion when it found that father failed to demonstrate that requested child-support modification would be in children's best interest). Having dispensed with Squires's argument that the child's best interest is not a requirement in suits seeking to modify child support, we proceed to consider whether any evidence supports the trial court's best-interest finding or whether the opposite finding is established as a matter of law. *See McElwrath,* 2016 WL 1566624 at *1.

We conclude that Squires did not present evidence that either reduced child-support payments or step-down provisions would be in the children's best interest. Squires testified at trial that a reduction would allow him to set aside extra funds to use for the children's college funds, but he has not cited, nor can we find, any cases that allowed a decreased amount of child-support obligation on this basis alone. Rather, appellate courts appear to have affirmed decreases in child-support obligations where the obligor experienced more pressing financial obligations than child support, *and* the needs of the children had either remained the same or decreased. *See Trammell v. Trammell*, 485 S.W.3d 571, 577–78 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (affirming trial court's finding that "[i]t is not in the best interest of the children for [father] to continue to accumulate debt in order to fulfill his financial obligations for child support and other expenses for the children when the law permits a modification of child support under proper circumstances and there was no evidence to suggest that the ongoing, reasonable needs of the children could not be met by the combined financial support from both parents"); *see also Cortez*

*v. Garza*, No. 01-21-00062-CV, 2022 WL 3649636, at *8 (Tex. App.—Houston [1st Dist.] Aug. 25, 2022, no pet.) (mem. op.) (affirming trial court's order decreasing father's child-support obligation where father's monthly net resources had decreased and father incurred significant expenses traveling from Mexico to Texas to visit children). Here, the evidence was undisputed that Squires's income had remained the same since the divorce decree was entered and that he was not otherwise experiencing financial difficulties, there was no evidence to suggest the children's needs had decreased since the divorce decree was entered, and there was no evidence that Squires incurred any extra expenses to visit the children. Instead, the evidence showed that, while McHale received a substantial amount of money from her new husband on a monthly basis, those funds were specifically reserved for her to spend on herself and the household. McHale provided the trial court with a breakdown of monthly expenses for herself that were separate from her children's: she presented evidence that the children's monthly expenses at the time of trial totaled to approximately $11,000 per month and her personal expenses totaled to approximately $4,000. The $11,000 included the children's extracurricular activities, clothing, food, pet care costs, childcare costs for S.S., and payment for tutoring and college preparation classes. Squires offered no evidence to contradict this number. There was also no evidence that the monthly stipend of $15,000 was used towards the children's expenses, as McHale and her new husband entered into a premarital agreement where each agreed to be solely responsible for the expenses of their respective children. The trial court could have found that, while McHale's monthly stipend from her new husband may incidentally benefit the children, the evidence showed it was not a source of income that McHale could rely upon to support her children in lieu of Squires's child-support obligation. *See* Tex. Fam. Code § 154.069.

Based on this evidence, and because "[t]he trial court is in a better position to determine what will be in the best interest of the child[ren] since it faced the parties and their witnesses, observed their demeanor, and had the opportunity to evaluate the claims made by each parent," we conclude that the trial court did not abuse its discretion in finding that Squires's requested modification of child support and step-downs were not in the best interest of the children. *In re J.R.D.*, 169 S.W.3d 740, 743 (Tex. App.—Austin 2005, pet. denied); *Reagins*, 524 S.W.3d at 761. Accordingly, the trial court did not err in its discretion in denying Squires's requested relief. We overrule Squires's issues.

## CONCLUSION

Having overruled Squires's issues, we affirm the trial court's order.

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Triana and Smith

Affirmed

Filed: May 31, 2024