# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-26-00177-CV

---

**In the Interest of A. A. S.**

---

**FROM THE 478TH DISTRICT COURT OF BELL COUNTY
NO. 25DFAM352508, THE HONORABLE WADE NICHOLAS FAULKNER, JUDGE
PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant A.M.S. (Mother) has filed a restricted appeal from the trial court's order terminating her parental rights to A.A.S. (Child). For the following reasons, we reverse the trial court's order and remand for a new trial.

## BACKGROUND

Child was born in August 2020 and has lived with K.L.W. (Grandmother) from birth. Around November or December 2023 in a prior suit affecting the parent-child relationship (the SAPCR), the trial court appointed Grandmother to be Child's sole managing conservator and ordered Mother to pay child support.

In March 2025, Grandmother filed the underlying suit seeking to terminate Mother's parental rights and to adopt Child. Mother answered the suit but did not appear for the hearing that occurred in July 2025. During the hearing, the trial court took judicial notice of its

file in this suit and in the SAPCR and heard testimony from Grandmother. She testified that Child had lived with her "[s]ince [Child] was two days old"; that "at this point in time," Mother had not been part of Child's life; and that Mother had not attempted to see Child after the trial court signed the final order in the SAPCR.[1] Grandmother also testified that in the SAPCR, Mother was ordered to pay child support of $230 per month but that she had not paid "a dime" or provided "anything" to Child.

At the conclusion of the hearing, the trial court stated on the record:

> And having taken judicial notice of the SAPCR suit, the Court finds that the mother of the child voluntarily left the child alone in the possession of another without providing adequate support of the child and remained away for a period of at least six months; the mother engaged in conduct or placed the child with persons who were engaged in conduct that endangers the physical and emotional well-being of child; and the mother failed to support the child in accordance with her ability during a period of one year or within six months of the date of filing the petition for termination. [The] Court finds that the requirements for termination have been met. And the Court terminates the parental rights of [A.M.S.] as it relates to the child.

See Tex. Fam. Code § 161.001(b)(1)(C), (E), (F). After making these findings, the trial court asked Grandmother's counsel to prepare an order.

The trial court thereafter signed the order of termination that is the subject of this restricted appeal. The trial court found that Mother "has made a general appearance and was duly

---

[1] The final order in the SAPCR was not included as part of the appellate record in this case, but in her appellee brief, Grandmother represents that the trial court in that case "granted an injunction, prohibiting [Mother] from, among other things, going within 100 yards of the school or residence of [Child]." Grandmother also represents that Mother resided with Grandmother and Child from September 2022 through January 2023; that Mother has not had contact with Child since February 2023; and that the trial court appointed Grandmother sole managing conservator on December 6, 2023, in the SAPCR.

notified of the trial but failed to appear and defaulted," that it was in Child's best interest for Mother's parental rights to be terminated, and that Mother "has failed to support the child in accordance with her ability during a period of one year ending within six months of the date of filing of the petition." *See id.* § 161.001(b)(1)(F).[2]

## ANALYSIS

### Restricted Appeals

To prevail in a restricted appeal, the appellant must demonstrate that (1) she filed the notice of the restricted appeal within six months after the judgment was signed, (2) she was a party to the underlying lawsuit, (3) she did not participate in the hearing that resulted in the judgment and did not timely file any post-judgment motion or request for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020) (citing *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam)); *see* Tex. R. App. P. 30.

"The 'face of the record' consists of all the documents that were before the trial court at the time it rendered judgment." *See Ray v. Tottenham*, No. 01-22-00695-CV, 2023 WL 4872978, at *2 (Tex. App.—Houston [1st Dist.] Aug. 1, 2023, no pet.) (mem. op.) (citing *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848-49 (Tex. 2004)). "Unlike with an ordinary appeal, we cannot draw any inferences or presumptions from the record and must look to the face of the record itself." *AVS Builders, LLC v. Galpin*, No. 03-22-00457-CV, 2023 WL 5058042, at *1 (Tex. App.—Austin Aug. 9, 2023, no pet.) (mem. op.) (citing *Champion v. Estlow*, 456 S.W.3d

---

[2] The trial court's written order referenced only the statutory grounds for termination under subsection F, and not the prior oral findings under subsections C and E.

3

363, 364 (Tex. App.—Austin 2015, pet. denied)). "[E]rror that is merely inferred will not suffice" to show error on the face of the record. *Ginn v. Forrester*, 282 S.W.3d 430, 431 (Tex. 2009) (per curiam). But "[r]eview by [restricted appeal] affords an appellant the same scope of review as an ordinary appeal, that is, a review of the entire case," including "review of legal and factual insufficiency claims." *Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *see Ray*, 2023 WL 4872978, at *2 (explaining that "restricted appeals may include challenges to the legal and factual sufficiency of the evidence" (citing *Norman Commc'ns*, 955 S.W.2d at 270)).

**Has Mother demonstrated error on the face of the record?**

Here, it is undisputed that Mother has demonstrated the first three elements of her restricted appeal. *See Ex parte E.H.*, 602 S.W.3d at 495. Thus, the dispositive question is whether she demonstrated error on the face of the record. *See id.* Mother raises three issues to demonstrate error on the face of the record, but we limit our review to her third issue, which challenges the legal and factual sufficiency of the evidence to support terminating her parental rights.[3]

To terminate the parent-child relationship, a court must find by clear and convincing evidence that (1) the parent has committed one of the enumerated statutory grounds for termination and (2) it is in the child's best interest to terminate the parent's rights. Tex. Fam. Code § 161.001(b). Clear and convincing evidence is "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought

---

[3] In her first and second issues, Mother contends that error is apparent on the face of the record because she did not receive proper notice of the final hearing and the trial court should have appointed an attorney ad litem for Child pursuant to Section 107.021(a-1) of the Texas Family Code. Because resolution of Mother's third issue is dispositive of this restricted appeal, we do not address her first two issues. *See* Tex. R. App. P. 47.4.

4

to be established." *Id.* § 101.007. When evaluating the legal sufficiency of the evidence to terminate a parent-child relationship, we consider whether "a reasonable factfinder could form a firm belief or conviction that the finding was true" when the evidence is viewed in the light most favorable to the factfinder's determination and undisputed contrary evidence is considered. *In re A.C.*, 560 S.W.3d 624, 631 (Tex. 2018). When evaluating factual sufficiency of the evidence, we consider whether "in light of the entire record, the disputed evidence a reasonable factfinder could not have credited in favor of a finding is so significant that the factfinder could not have formed a firm belief or conviction that the finding was true." *Id.*

Mother does not challenge the trial court's best-interest finding but contends that the evidence was legally and factually insufficient to support the trial court's statutory ground finding under subsection (F). *See* Tex. Fam. Code § 161.001(b)(1)(F); *Norman Commc'ns*, 955 S.W.2d at 270; *Ray*, 2023 WL 4872978, at *2. With a best-interest finding, a trial court may terminate a parent's rights under subsection (F) if it finds, by clear and convincing evidence, that the parent "failed to support the child in accordance with the parent's ability during a period of one year ending within six months of the date of the filing of the petition." Tex. Fam. Code § 161.001(b)(1)(F). This provision requires the party seeking to terminate parental rights to establish that "the parent had the ability to support the child during each month of the twelve-month period." *See In re I.M.S.*, 679 S.W.3d 704, 716 (Tex. App.—Houston [1st Dist.] 2023, no pet.) (placing burden on party seeking termination to establish subsection (F) ground and explaining that "parent does not bear the burden to disprove ability to pay"); *In re J.G.S.*, 574 S.W.3d 101, 117 (Tex. App.—Houston [1st Dist.] 2019, pet. denied) (explaining that "one year" in subsection (F) "means 12 consecutive months").

5

In this case, Grandmother filed her petition to terminate Mother's parental rights on March 18, 2025. Thus, the relevant period under subsection (F) for determining if Mother supported Child in accordance with Mother's ability is September 18, 2023, through March 18, 2025. *See In re J.G.S.*, 574 S.W.3d at 117 (observing that subsection (F) "requires that the 12-month period must begin no earlier than 18 months before the date of the filing of the petition to terminate"). The question then is whether the evidence before the trial court was legally and factually sufficient to establish that Mother failed to support Child in accordance with Mother's ability "each month of [a] twelve-month period" between September 18, 2023, and March 18, 2025. *See In re I.M.S.*, 679 S.W.3d at 716.

The evidence was undisputed that Mother was ordered to pay child support in 2023 and that she had failed to support Child. Grandmother testified that Mother was ordered to pay child support and that Mother had not made any payments or provided any money or anything else to support Child. In her appellee brief, Grandmother also argues that "[t]here is no indication in the record that when setting the child support order the [trial court] failed to take into account [Mother's] ability to pay" and that "[t]o presume that was not accounted for would require this Court to make assumptions or inferences from information not included in the record." But "[a] previous child-support order is not evidence of a parent's ability to pay under subsection (F)." *Id.* "[T]o hold otherwise would improperly shift the burden to the parent to disprove ability to pay." *In re D.M.D.*, 363 S.W.3d 916, 920 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *see id.* at 920-21 (agreeing with "majority of courts" that "previous child-support order is no evidence of a parent's ability to pay for purposes of subsection (F)" and concluding that "fact that [parent] was ordered to pay $282.00 per month in child support has no bearing on her actual ability to provide support under subsection (F)"); *In re E.M.E.*, 234 S.W.3d 71, 73 (Tex. App.—El Paso 2007, no

6

pet.) (concluding that "implied finding that [parent] has the ability to pay the amount of child support ordered" does not apply in termination proceeding and requiring petitioner to prove parent failed to support child according to parent's ability).

Grandmother also did not testify about Mother's ability to support Child at any time, and the relevant period under subsection (F) was primarily after the SAPCR had concluded in 2023. Thus, to the extent that the trial court considered evidence from the SAPCR, it could only have supported a finding that Mother had the ability to support Child for some months of the required twelve-month period under subsection (F), but not for each month of a consecutive twelve-month period as required under the statute. *See* Tex. Fam. Code § 161.001(b)(1)(F); *In re J.G.S.*, 574 S.W.3d at 117 ("Without evidence of an ability to support a child during the 12-month statutory period, termination of parental rights cannot be granted under Subsection (F).").

Grandmother argues that Mother waived her sufficiency challenge to the evidence because Mother's issues did not contest the statutory grounds for termination that the trial court stated on the record at the conclusion of the hearing. In addition to stating a finding under subsection (F), the trial court stated findings that would support termination under subsections (C) and (E). *See* Tex. Fam. Code § 161.001(b)(1)(C) (voluntarily leaving child with another without providing adequate support and remaining away for at least six months), (E) (endangering conduct).

"In civil cases, when a trial court's oral pronouncement conflicts with a written judgment, the written judgment prevails." *In re I.L.*, 580 S.W.3d 227, 244 (Tex. App.—San Antonio 2019, pet. dism'd) (quoting *Ifiesimama v. Haile*, 522 S.W.3d 675, 684 (Tex. App.—Houston [1st Dist.] 2017, pet. denied)); *see Seasha Pools, Inc. v. Hardister*, 391 S.W.3d 635, 640

7

(Tex. App.—Austin 2012, no pet.) (same); *Cash v. Cash*, No. 03-04-00560-CV, 2005 WL 1787552, at \*3 (Tex. App.—Austin July 27, 2005, no pet.) (mem. op.) (same); *In re L.G.R.*, 498 S.W.3d 195, 206 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (concluding that written order controlled as to any inconsistency between oral pronouncement and written termination order). A judgment terminating parental rights must state the specific grounds for termination. Tex. R. Civ. P. 306. Because the trial court's stated findings at the hearing conflict with its written order of termination, which is based solely on subsection (F), the written order of termination controls. *In re L.G.R.*, 498 S.W.3d at 206; *see Cash*, 2005 WL 1787552, at \*3 (explaining that it is within trial court's discretion to issue written judgment that "is modified from its oral ruling" and observing that trial court's "oral pronouncement is often tentative" and that it is aware that draft will be prepared and reviewed before final judgment is signed). In this context, we conclude that Mother has not waived her sufficiency challenge to the evidence.[4]

On the face of the record, we conclude that the evidence was legally and factually insufficient to support termination under subsection (F). *See* Tex. Fam. Code § 161.001(b)(1)(F); *In re A.C.*, 560 S.W.3d at 631; *In re J.G.S.*, 574 S.W.3d at 117. Thus, we sustain Mother's third issue and conclude that error is apparent on the face of the record.

---

[4] Grandmother cites cases in which an appellant failed to challenge each of the statutory predicate grounds that were included in a written order and cases in which an appellate court determined that it did not need to address each issue raised by an appellant, but they do not address the situation before us—when a trial court's written judgment is inconsistent with its oral pronouncements during the hearing. *See, e.g.*, *In re M.N.R.*, 719 S.W.3d 647, 651, 656 (Tex. App.—San Antonio 2025, pet. denied) (stating that order of termination "includes statutory predicate findings under (D), (E)" and holding that "Mother's failure to challenge subsection (E) waives any error as to subsection (D)"); *In re J.S.*, 584 S.W.3d 622, 632 & 638 n.9 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (stating that trial court terminated parental rights under (E) and (O), holding that evidence was sufficient under (E), and explaining that appellate court did need not to address challenge to (O) ground because only one statutory ground is necessary to support termination judgment when there is also finding that termination is in child's best interest).

**CONCLUSION**

Having concluded that error is apparent on the face of the record, we reverse the trial court's order of termination and remand for a new trial. *See Bennett v. McDaniel*, 295 S.W.3d 644, 644 (Tex. 2009) (per curiam) (explaining that proper disposition in restricted appeal when evidence is legally insufficient to support post-answer default judgment is to remand for new trial (citing *Dolgencorp v. Lerma*, 288 S.W.3d 922, 929 (Tex. 2009))). The new trial must commence no later than 180 days after issuance of our mandate. Tex. R. App. P. 28.4(c).

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Theofanis and Crump

Reversed and Remanded

Filed: June 3, 2026